UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARMAINE SAUNDERS, an individual,

     Plaintiff,

v.                                Case No.: 8:22-CV-2482-MSS-JSS

CITY OF LAKELAND, FLORIDA; LAKELAND POLICE
DEPARTMENT; MAYOR WILLIAM "BILL" MUTZ,
CHIEF RUBEN GARCIA, and
DETECTIVE CHRISTINA STEWART,

     Defendants.
_____/

## MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

     COME NOW Defendants, CITY OF LAKELAND ("The City"), LAKELAND

POLICE DEPARTMENT ("LPD"), MAYOR WILLIAM "BILL" MUTZ ("Mayor

Mutz"), CHIEF OF POLICE RUBEN GARCIA ("Chief Garcia") and DETECTIVE

CHRISTINA STEWART ("Detective Stewart") and move to dismiss Plaintiff's

Second Amended Complaint ("Complaint"), [Dkt. 21-2], with prejudice, for failure

to state a claim on which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    INTRODUCTION

     Plaintiff filed her first Complaint, [Dkt. 01], on November 1, 2022. On

December 12, 2022, she sought leave of court to file an Amended Complaint. This

Court granted her that leave, noting that she was able to do so as a matter of right

since no responsive pleading had yet been filed. See Order, [Dkt. 08]. Plaintiff filed her Amended Complaint on December 13, 2022. Defendants filed a Motion to Dismiss that complaint on December 27, 2022, [Dkt. 15], but that motion was deemed moot when Plaintiff filed a request for leave to file a Second Amended Complaint. Her Second Amended Complaint was filed on January 11, 2023, and Defendants herein move this Honorable Court to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted.

The Second Amended Complaint alleges three causes of action arising from an investigation conducted by officers of LPD following Plaintiff's report that she was drugged and assaulted by a man she met at a Lakeland Applebee's. The fourth count of the Second Amended Complaint is simply a statement of entitlement to multiple damages, which Defendants suggest should also be dismissed.

Plaintiff's precise allegations are difficult to ascertain, as the Second Amended Complaint still suffers from the pitfalls associated with shotgun pleadings and as such, it should be dismissed. While courts will generally afford plaintiffs an opportunity to amend such a pleading, Defendants assert that no amendments to the Complaint will allow Plaintiff to sufficiently allege a cause of action on which she can obtain relief. In Count One, Defendant alleges that, during the course of her investigation into Plaintiff's report of sexual assault, Detective Stewart engaged in conduct that violated 42 U.S.C. § 1983, but Plaintiff

2

impermissibly attempts to impute liability to the City of Lakeland and LPD based only on Detective Stewart's alleged conduct. Furthermore, Plaintiff's claims against Detective Stewart are barred by the doctrine of qualified immunity. In Count Two, Plaintiff's claims under the Florida Civil Rights Act fail to allege that she has exhausted her administrative remedies and further fail to allege the elements required to state a claim under that statute. Count Three's claim under Title VI of the Civil Rights Act of 1964 should be dismissed because Plaintiff fails to allege facts sufficient to support an inference of discriminatory intent by either defendant. Finally, in Count Four, Plaintiff seeks "multiple damages," including punitive damages, for each of her claims. However, punitive damages are not available for the causes of action asserted in Counts One and Two and she has failed to state a claim for each of the three preceding counts. Thus, Count Four cannot survive without an underlying cause of action on which to base an award of damages.

## II.    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

As a preliminary matter, Defendants acknowledge that Plaintiff is pro se and thus her pleadings are entitled to liberal construction and will be held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pro se litigants are bound by the Federal Rules of Civil Procedure, Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.

1989), and the "leeway" afforded to pro se litigants "is not limitless." Hale v. Wells

Fargo Bank, No. 21-CV-80309-RAR, 2021 U.S. Dist. LEXIS 36189, at 2 (S.D. Fla. Feb.

26, 2021) quoting Weil v. Phillips, 816 F. App'x 339, 341 (11th Cir. 2020).

### a.  Count One: Alleged Violation of Rights under 42 U.S.C. § 1983.

Plaintiff alleges that she was unlawfully discriminated against, in violation

of 42 U.S.C. § 1983, when Detective Stewart, the City of Lakeland, and the

Lakeland Police Department unlawfully released Plaintiff's confidential

information by (1) failing to redact her identifying markers "based upon the

opposing victim and attackers' race;" (2) failing to protect Plaintiff "when the

attacker became the stalker,"(3) "disclosing Plaintiff's identity in conversations

with staff at Plaintiff's apartment and "former employer representatives of Sykes,"

and (4) "release[ing] expunged information from another agency into the ether of

the world wide web." Compl. at ¶¶ 48, 49. Plaintiff alleges that these actions were

motivated by the racial differences between her and her alleged attacker.

### i.  Claims against the City of Lakeland and Lakeland Police Department

Plaintiff's claims against the City of Lakeland and LPD must be dismissed

because she does not plead the existence of any municipal policy or practice that

caused her alleged injury. Municipal liability under § 1983 has been sharply

restricted by decisions of the United States Supreme Court. See City of Canton v.

Harris, 489 U.S. 378, 385 (1989) and Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694,

(1978)). In section 1983 claims, a city is liable only for acts for which the city is actually responsible; liability cannot attach based on a theory of *respondeat superior*. See Grech v. Clayton Cnty., 335 F.3d 1326, 1329 (11th Cir. 2003). Because a local government is liable only when an "official policy" causes a constitutional violation, Plaintiff in this case must point to a policy or custom of the City of Lakeland that "was the moving force [behind] the constitutional violation." Monell, 436 U.S. at 694. Plaintiff has not done so, and furthermore, even if she had pled a *prima facie* case of discrimination, her claims arise only from the actions or inaction of Detective Saunders; she does not plead the existence of an officially promulgated policy or unofficial custom or a practice ratified by responsible supervisory officers, as is required to maintain a suit against the municipality. To establish "§ 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.' Viera v. City of Lake Worth, No. 19-80158-CIV, 2020 U.S. Dist. LEXIS 10056, at *18-19 (S.D. Fla. Jan. 16, 2020).

Additionally, Plaintiff has not affirmed that she provided notice of her claims in writing to the City, pursuant to Florida Statute § 768.28, prior to commencing the lawsuit. See, e.g., Viera at *10 (S.D. Fla. Jan. 16, 2020).

     ii. **Plaintiff's claims against Defendant Stewart should be dismissed for failure to state a claim and because Detective Stewart is entitled to qualified immunity**.

Although Plaintiff does not specify in which capacity, she sues Defendant Stewart under Count One, Plaintiff appears to sue Defendant Stewart in her official capacity. <u>See</u> Compl. at ¶ 6. "[C]laims against Defendants in their official capacity are the same as a suit against the municipality." <u>Martin v. Petruzzella</u>, No. 6:21-cv-1939-CEM-DCI, 2023 U.S. Dist. LEXIS 6109, at *2-3 (M.D. Fla. Jan. 12, 2023) <u>citing</u> <u>Cooper v. Dillon</u>, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005). Thus, as discussed above, Plaintiff "has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." <u>Id</u>. at 1221 (footnote omitted) (<u>citing</u> <u>Little v. City of North Miami</u>, 805 F.2d 962, 965 (11th Cir. 1986)).  Because she pleads no facts showing that the purported constitutional violations resulted from a policy, custom, pattern, or practice, Plaintiff cannot state a claim against Defendant Stewart in her official capacity.

Nor does the Second Amended Complaint support a claim against Detective Stewart in her individual capacity. First, her allegations are vague and conclusory and fall short of even the liberal pleading standard afforded to *pro se* plaintiffs. Such allegations are not afforded the presumption of truth. Second, Plaintiff attempts to plead a claim, under 42 U.S.C. § 1983, against Detective Stewart for

unlawful disclosure of confidential information. A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Hanney v. Garcia, No. 8:13-cv-2928-T-36MAP, 2015 U.S. Dist. LEXIS 35030, at *24 (M.D. Fla. Mar. 20, 2015) citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Where Plaintiff alleges that her constitutional rights were infringed by the unlawful disclosure of confidential information, the constitutional right to privacy is implicated. "Although the Constitution does not explicitly establish a right of privacy, the Supreme Court has recognized for almost a century that certain rights of personal privacy do exist." Harris v. Thigpen, 941 F.2d 1495, 1513 n.26 (11th Cir. 1991). In Thigpen, plaintiff was an inmate who sued the State of Alabama for civil rights violations related to jail policies surrounding HIV positive inmates. He alleged that the policy had the effect of involuntarily disclosing his HIV status and thus violated his right to privacy. Significantly, the Eleventh Circuit also recognized in that "[t]he scope of such right was far from settled." Id.

In the case at bar, Plaintiff has provided scant information about exactly what private information was allegedly disclosed by Detective Stewart. She has failed to allege what documents were released, to whom they were released, and what "identifying markers" was disclosed in those documents. Compl. at ¶ 48.

Plaintiff merely alleges that her identity was disclosed to staff at the apartment complex where Plaintiff resides. If, despite these deficiencies, the Court were to find that Plaintiff has pled a *prima facie* § 1983 claim against Detective Stewart, the claim should nonetheless be dismissed because Detective Stewart is entitled to qualified immunity.

A government official may be entitled to qualified immunity if they demonstrate that they were acting within the scope of their discretionary authority when the allegedly wrongful acts occurred. Rich v. Dollar, 841 F.2d 1558, 1563-64 (11th Cir. 1988)(citation omitted). Once the defendant has met this burden, "the Court must grant qualified immunity unless the plaintiff can demonstrate first, that the facts viewed in the light most favorable to the plaintiff establish a constitutional violation by the defendant, and second, that it was clearly established at the time of the incident that the actions of the defendant were unconstitutional." Hanney v. Garcia, No. 8:13-cv-2928-T-36MAP, 2015 U.S. Dist. LEXIS 35030, at *12 (M.D. Fla. Mar. 20, 2015), citing Saucier v. Katz, 533 U.S. 194, 201, (2001). Taking Plaintiff's allegations as true, the objective circumstances and Plaintiff's own pleading demonstrate that Detective Stewart was acting within her discretionary authority when she allegedly violated Plaintiff's constitutional rights. Plaintiff has alleged that Detective Stewart was acting "in her official capacity" and "under color of state law" when she allegedly disclosed Plaintiff's

identifying information to apartment staff, a "former employer representative of Sykes," and "into the ether of the worldwide web." Compl. at ¶ 49. Plaintiff has not pled that Detective Stewart disclosed any sensitive, private information about Plaintiff outside of the investigation, nor has she alleged facts to demonstrate that Detective Stewart disclosed such information with a discriminatory motive or intent. A police detective investigating a criminal complaint is clearly acting within the scope of her discretionary authority. Thus, any disclosure of Plaintiff's identifying information by Detective Stewart in the course of her investigation is entitled to the presumption of qualified immunity. Plaintiff, then, has the burden of showing that a constitutional violation was committed by Detective Stewart and that it was "clearly established at the time of the incident that the actions of [Detective Stewart] were unconstitutional." Hanney at *12. Plaintiff has not done so, and will be unlikely to do so, as Hanney explained "the nature and scope of the right to privacy with respect to public disclosure of personal matters such as personal medical information is far from settled." Hanney at *17. Therefore, the court found, Plaintiff had not met his burden of showing that the correctional officer defendants in that case were on notice that their actions in obtaining Plaintiff's medical information without his consent violated his rights under the Fourteenth Amendment. Id. at *18. Similarly, Plaintiff has not cited any authorities with materially similar facts to show that Detective Stewart should have been on

notice that the alleged disclosures violated Plaintiff's constitutional rights. "To overcome the qualified immunity defense, citing precedent which establishes a general right will not do." D'Aguanno v. Gallagher, 50 F.3d 877, 880 (11th Cir. 1995). Plaintiff has failed to cite any authorities that would militate against qualified immunity and therefore, like the plaintiff in Hanney, Plaintiff has not met her burden to show that Detective Stewart had fair warning that the disclosure of Plaintiff's unspecified identifying information during her investigation violated Plaintiff's rights under the Fourteenth Amendment.

And, where qualified immunity applies, it is a bar to litigation. Jordan v. Doe, 38 F.3d 1559, 1563 (11th Cir. 1994) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, (1985)) ("The Supreme Court has repeatedly stressed that qualified immunity is not simply a defense to liability, but an immunity from suit which 'is effectively lost if a case is erroneously permitted to go to trial.'") Therefore, "[t]he Court should grant the defense of qualified immunity at the motion to dismiss stage if the complaint "fails to allege the violation of a clearly established constitutional right." Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003)(quoting Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir.1997))(emphasis added).

Because Plaintiff has not shown that Detective Stewart violated a clearly established statutory or constitutional right of which a reasonable person would have been aware, Detective Stewart is shielded from liability by the defense of

qualified immunity and Count One should be dismissed as to Detective Stewart. See Hope v. Pelzer, 536 U.S. 730 (2002)("The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.")

      b. ***Count Two: Negligence.***

Plaintiff asserts that this count is against "all Defendants" but fails to specify what alleged conduct might attach to which defendant. For instance, in paragraph 53 of her complaint, she alleges that "Defendant, in charge of law enforcement" failed to secure Plaintiff as an individual when it failed to follow up on Plaintiff's report and request for assistance on the issues of stalking and harassment after the tragic assault that happened to her." The Complaint does not specify which Defendant she believes oversees law enforcement, or what their duty was to her.

Citing the Florida Civil Rights Act of 1992 ("FCRA"), Plaintiff alleges that "Defendant, as in charge of law enforcement" did not properly follow up on Plaintiff's "request for assistance" of being "harassed, stalked, tracked, and followed" by an unnamed individual. Compl. at ¶ 53. Plaintiff attempts to allege that this supposed lack of follow up was a failure to "secure Plaintiff," or to "protect her interest in personal dignity to make available to the state their full

productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, general welfare, and to promote the interests, rights, and privileges of individuals within the state." Id. at ¶ 54.

However, she fails to allege any facts required to state a claim under FCRA or to support the conclusory statement that she "has a valid cause of action" under FCRA. Id. The majority of paragraph 54 of the Complaint is just a recitation of the language contained in § 760.01(2). Such regurgitations of statutory language bereft of factual support are not entitled to a presumption of truth. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. […] Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950 (2009). Plaintiff does not allege discrimination in an area of education, employment, or public accommodations, as those terms are defined in the FCRA.

Furthermore, Plaintiff has again failed to allege that she has exhausted her administrative remedies as required by § 760.07; such exhaustion is a condition precedent to filing suit under FCRA. Section 760.11 provides that any person aggrieved by a violation of the FCRA may file a complaint with the Commission and then provides for a civil cause of action *after* the Commission's disposition. Florida courts have construed that section to require administrative exhaustion

prior to filing suit, similar to federal employment discrimination claims under Title VII. See, e.g., Buade v. Terra Grp., LLC, 259 So. 3d 219, 222-23 (Fla. 3d DCA 2018) (affirming the trial court's grant of defendant's motion for judgment on the pleadings or for directed verdict because plaintiff failed to exhaust her administrative remedies under the FCRA). Although Plaintiff has failed to plead specific dates upon which the alleged discrimination took place, Counsel for Defendant notes that her claim may be barred by the statute of limitations contained in § 760.11(1), Fla. Stat., as the FCRA requires a plaintiff to file a charge of discriminatory retaliation with either the EEOC or FCHR "within 365 days of the alleged violation." § 760.11(1), Fla. Stat.; Edom v. Chronister, No. 8:20-cv-1624-KK1VI-AEP, 2021 U.S. Dist. LEXIS 177732, at *44 (M.D. Fla. Sep. 17, 2021).

Nor can Plaintiff support a general claim for negligence against any of the defendants. While she claims that law enforcement "failed to secure" her, she does not allege that any member of LPD took action that created a zone of risk to Plaintiff. Cf. Henderson v. Bowden, 737 So. 2d 532 (Fla. 1999)(holding that police had a duty to reasonably safeguard the well-being of passengers of vehicle after they stopped the vehicle and arrested the driver.) Instead, she merely claims that one or more of the Defendants "failed to secure" her, Compl. at ¶ 53, seemingly based on (1) how the investigation into Plaintiff's assault allegations unfolded and

(2) Defendants' alleged failure to investigate her claims of being harassed or stalked.

Regarding the conduct of the investigation into the assault allegations, there is no cause of action for negligent investigation. "There has never been a common law duty to individual citizens for the enforcement of police power functions." Irving v. St. John, No. 3:21-cv-1002-MMH-MCR, 2022 U.S. Dist. LEXIS 141741, at *8 (M.D. Fla. Aug. 9, 2022) citing Trianon Park Condo. Ass'n, Inc. v. City of Hialeah, 468 So. 2d 912, 914-15 (Fla. 1985). Thus, law enforcement officers generally have no legal duty of care to conduct investigations without negligence. Id. Because investigative actions fall within the government entity's discretionary function, no liability in tort exists. Albra, supra, at 888; see also Schutt v. Lewis, No. 6:12-cv-1697-Orl-37DAB, 2014 U.S. Dist. LEXIS 110633, at *20 (M.D. Fla. Aug. 7, 2014)(Negligent enforcement of a police power is not a cognizable cause of action under Florida law.)

The second prong of Plaintiff's allegation—that LPD or its officers bear liability for endangering Plaintiff failing to investigate her report of harassment or stalking—can likewise be disposed of by the Eleventh Circuit's decision in Albra, which held that "no duty was owed to Albra to investigate his criminal claim, and […] even if there was a duty, [that claim] would fail because the decision of whether to enforce laws by investigating a criminal complaint is a discretionary

decision, which is immune from challenge." <u>Albra</u> at 888; <u>see</u> <u>also</u> <u>Lewis v. City of</u>
<u>St. Petersburg</u>, 98 F. Supp. 2d 1344 (M.D. Fla. 2000)(decisions regarding allocation
of officers to provide police protection during civil unrest is a discretionary
function.)

The facts in <u>Albra</u> bore significant similarities to the allegations in Count II
of Plaintiff's Second Amended Complaint. In <u>Albra</u>, Plaintiff alleged that the City
of Fort Lauderdale failed to investigate a crime—of which Plaintiff was the alleged
victim—despite Plaintiff's repeated attempts to get the police department to
investigate. Plaintiff reported the department's inaction to the Internal Affairs
Division, the office of the police chief, and the City Manager's Office, but still did
not obtain his desired result. Plaintiff sued on a number of grounds, including
state-law claims for "Negligent Investigation" and "Negligent Supervision." The
<u>Albra</u> court dismissed those claims because plaintiff failed to state a claim on
which relief could be granted, and Plaintiff's claims in the instant case should
similarly be dismissed.

### c. Count Three: Reprisal for Engaging in Protected Activities

In Count Three, Plaintiff alleges that Defendants LPD and the City of
Lakeland discriminated against her "by not providing the benefits of the service,"
Compl. at ¶ 57, in violation of Title VI, 42 U.S.C. § 2000d et seq. She further alleges
that the Defendants retaliated against her because she "engaged in activities

protected by Title VII." Compl. at ¶ 58. Although Plaintiff alleges that both Defendants are subject to Title VI because they receive federal funding, she fails to allege any additional facts to support the allegation that they have violated Title VI, to explain which services she has been denied, or how they retaliated against her.

To state a plausible claim for relief, a plaintiff must offer facts that do more than allege the "sheer possibility" of unlawful activity; a court must be able to draw a reasonable inference that the defendant is liable for the misconduct alleged. Farrukh v. USF Bd. of Trs., No. 21-13345, 2022 U.S. App. LEXIS 24737, at *6 (11th Cir. Sep. 1, 2022). In other words, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-4a "prohibits any recipient of federal financial assistance from discriminating on the basis of race, color, or national origin in any federally funded program. […] To state a claim under Title VI, a plaintiff must establish discriminatory *intent*." Burton v. City of Belle Glade, 178 F.3d 1175, 1202 (11th Cir. 1999). Thus, Title VI's protection does not extend any further than the Equal Protection Clause of the Fourteenth Amendment. Id. Here, Plaintiff has offered no evidence of discriminatory intent save for her bald assertion in paragraph 58 that the

Defendants had "retaliatory animus." This is similar to the plaintiff in <u>Farrukh</u>, who alleged that the University of South Florida discriminated against him because of his race and national origin and then retaliated against him when he complaint of the discrimination. In affirming the district court's dismissal of the fifth amended complaint, the Eleventh Circuit explained that plaintiff's conclusory allegations about less-favorable treatment than non-Pakistani students failed where he did not identify any student who was treated more favorably under comparable circumstances nor allege factual details about the circumstances around his alleged mistreatment that would support a plausible inference that his mistreatment was motivated by his race or national origin. <u>Farrukh</u> at *7.  Here, Plaintiff does not identify any evidence or circumstances that would lead to the plausible conclusion that either Defendant discriminated against her based on her race or national origin.

The same is true of Plaintiff's claim of retaliation. First, she does not identify what protected activity she engaged in, nor does she explain how either Defendant allegedly retaliated against her for engaging in that protected activity. Plaintiff's "broad allegations are insufficient to demonstrate that Plaintiff engaged in protected activity" and has failed to allege facts "sufficient to support a reasonable inference that Plaintiff's mistreatment was causally linked to his purported protected activity." <u>Id</u>. at *8.

If the service Plaintiff references being denied in Paragraph 58 is the protection of the Lakeland Police Department, she still must prove discriminatory intent to state a claim. "Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection." Watson v. City of Kansas City, Kansas, 857 F.2d 690, 695 (10th Cir. 1988); Wright v. City of Ozark, 715 F.2d 1513, 1516 (11th Cir. 1983). "To prevail on such a claim, the plaintiff must show intentional or purposeful discrimination." Wright v. City of Ozark, 715 F.2d at 1516; Gamza v. Aguirre, 619 F.2d 449, 453-54 (5th Cir. 1980). Where, as here, Plaintiff offers no facts to demonstrate discriminatory intent by either Defendant, her claims under Count Three fail, and should be dismissed.

d.  **Count Four: Right to Multiple Damages.**

In paragraphs 59 and 60 (numbered 54 and 55, respectively), Defendant asserts that she is entitled to "multiple damages" under Title 45 § 768.72 of Florida Statutes and punitive damages for the alleged offenses by each Defendant. Because she has not sufficiently alleged facts that demonstrate that one or more of the defendants violated any legally cognizable duty owed to her or that the Defendants' conduct caused her any injury, she is not entitled to recover any damages. Additionally, even if Plaintiff's claims were to survive and she were ultimately to prevail, punitive damages are not available to redress her claims. The Supreme Court has held that a municipality cannot be liable for punitive damages

for the actions of its officials (Counts One and Three). <u>Newport v. Fact Concerts</u>, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762 (1981). Similarly, punitive damages are not available for violations of the FCRA (Count Two) see <u>Gibson v. Jetblue Airways Corp.</u>, No. 6:18-cv-1742-Orl-40TBS, 2019 U.S. Dist. LEXIS 117749, at *10 (M.D. Fla. July 16, 2019)(Holding that section 1981a and the FCRA present a complete bar to recovery of punitive damages and are not affirmative defenses that must be pled). Therefore, Plaintiff's pleading for punitive damages should be dismissed.

**e.   <u>The Second Amended Complaint is a Shotgun Pleading and Should be Dismissed.</u>**

In addition to the issues identified above, Plaintiff's Second Amended Complaint is a quintessential shotgun pleading "of the sort the Eleventh Circuit has been roundly, repeatedly, and consistently condemning for years." <u>Vibe Micro, Inc. v. Shabanets</u>, No. 15-cv-80999, 2016 U.S. Dist. LEXIS 183195 (S.D. Fla. July 18, 2016) <u>citing Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 979 (11th Cir. 2008). Specifically, the Complaint falls into at least three of the four categories of shotgun pleadings prohibited in the Eleventh Circuit. See <u>Coker v. Warren</u>, 2022 U.S.Dist. LEXIS 87924 (M.D. Fla. 2022). First, the Complaint contains multiple counts of "repetitive reincorporation," where each count adopts the allegations of all proceeding counts. A pleading that incorporates by reference all preceding allegations and fails to specify which factual paragraphs support which counts leads to most of the counts containing irrelevant factual allegations and legal

conclusions. <u>Strategic Income Fund, LLC, v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002). Such pleadings impermissibly require opposing parties and the trial court to "sift out irrelevancies" to try to identify which facts specifically support the necessary elements of each claim." <u>Id</u>. Secondly, the pleading is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." <u>Weiland</u> at 1322. Finally, the Second Amended Complaint asserts multiple claims against multiple defendants without specifically identifying which of the defendants is responsible for what conduct, <u>Id</u>. at 1323, "so the Complaint boils down to "an across-the-board allegation that every [D]efendant" engaged in wrongdoing." <u>Hale</u> at *5. These deficiencies render the Complaint a "shotgun" pleading that does not comply with Rule 8 of the Federal Rules of Civil Procedure. Such pleadings are "flatly forbidden" because they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." <u>In re Mednax Servs.</u>, No. 21-MD-02994-RAR, 2022 U.S. Dist. LEXIS 84453, at *36 (S.D. Fla. May 10, 2022) <u>quoting</u> <u>Barmapov v. Amuial</u>, 986 F.3d 1321, 1324 (11th Cir. 2021).

Although, as a shotgun pleading, the Complaint is "due to be dismissed", <u>Hale</u> at 6, Defendants have made a good faith effort to distill the bases of the claims contained in the pleading and respond to them in turn. In doing so, Defendants

have shown that "even a more carefully drafted complaint could not state a valid claim" and, therefore, the Complaint should be dismissed with prejudice.  <u>Hale</u> at 1325 (dismissing the complaint with prejudice because the statute of limitations had run)

## III.    <u>CONCLUSION</u>

Plaintiff's complaint is fatally deficient in several important ways. Although the document is easily identifiable as an impermissible shotgun pleading, Defendants have attempted to wade through the pleading to assess possible bases for causes of action. As detailed above, Defendants maintain that granting Plaintiff leave to amend the above counts would be futile.

WHEREFORE, Defendants respectfully move this Honorable Court to dismiss Plaintiff's Second Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(B)6.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for the Defendants has conferred telephonically and in good faith with Plaintiff regarding the resolution of this Motion.  The parties disagree as to the resolution of all requests in this Motion.

I HEREBY CERTIFY that on the 24th day of January 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Charmaine Saunders.

Campbell Trohn Tamayo & Aranda, P.A.

*/s/ Jonathan B. Trohn*
JONATHAN B. TROHN
Florida Bar No. 880558
j.trohn@cttalaw.com
Post Office Box 2369
Lakeland, Florida 33806-2369
(863) 686-0043
Attorneys for Defendants