UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARMAINE SAUNDERS,

     Plaintiff,

v.                                  Case No: 8:22-cv-2482-MSS-JSS

CITY OF LAKELAND, FLORIDA,
LAKELAND POLICE
DEPARTMENT, WILLIAM MUTZ,
RUBEN GARCIA and CHRISTINA
STEWART,

     Defendants.
_____/

## ORDER

     Non-party Tania Rivas of Rivas Law Group LLC filed an objection to Plaintiff's Federal Rule of Civil Procedure 45 subpoena and asks the court to sustain her objection in this matter and "all pending cases relating to the same facts giving rise to this action[.]" (Motion, Dkt. 27.) The court construes Non-party Rivas's Motion as a motion to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3).[1] Non-party Rivas asserts that the subpoena's request is "vague, overbroad, seeks the production of materials protected by [the] attorney client privilege, materials protected

---

[1] Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), a "person commanded to produce documents or tangible things . . . may serve on the party [] designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested." Federal Rule of Civil Procedure 45(d)(3) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that" among other things, "subjects a person to undue burden."

by attorney work product, and is not reasonably calculated to lead to discoverable evidence in this cause." (*Id.* at 1.) Non-party Rivas further asserts that "[a]ll documents concerning [P]laintiff were previously provided to [P]laintiff, at her request, on or about July 15, 2022." (*Id.*) Plaintiff, proceeding pro se, filed an opposition to the Motion and asserts that the documents sought are relevant to her claims and seeks an order requiring compliance with the subpoena as clarified in Plaintiff's opposition. (Dkt. 34.) Upon consideration, Non-party Rivas's construed Motion to Quash the Nonparty Subpoena (Dkt. 27) is granted in part.

## APPLICABLE STANDARDS

Courts maintain broad discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). A court must quash or modify a Fed. R. Civ. P. 45 subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). Discovery sought through a Fed. R. Civ. P. 45 subpoena is subject to the same scope of permissible discovery as under Fed. R. Civ. P. 26. *See Woods v. On Baldwin Pond, LLC*, No. 6:13-cv-726-Orl-19DAB, 2014 WL 12625078, at *1 (M.D. Fla. Apr. 2, 2014); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005).

Federal Rule of Civil Procedure 26(b) limits the scope of permissible discovery to "any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."). In determining the permissible scope of discovery under Rule 26(b)(1), courts consider, among other things, "the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, Rule 26(b)(2)(C) requires a court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . or [] the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26 (b)(2)(C).

## ANALYSIS

Upon consideration, the court finds that Plaintiff's subpoena imposes an undue burden on Non-party Rivas as it seeks information beyond the permissible scope of discovery pursuant to Rule 26(b)(1). The subpoena contains a single request seeking: "[a]ny and all documents digital or otherwise but not limited to all communications, notes, reports, recordings with [Rivas] and any 3rd parties including law enforcement, insurance companies, government agencies, medical facilities[.]" (Dkt. 27 at 3.) The subpoena's request does not contain any limitation by time, subject matter, document custodian, or any other limitation tailored to seek information relevant and proportional to Plaintiff's case. Thus, the subpoena's request, as written, is overbroad and fails to limit the requested discovery to that permitted by the rules. *See, e.g., Benz*

*v. Crowley Logistics, Inc.*, No. 3:15-cv-728-J-25MCR, 2016 WL 11587289, at *3 (M.D. Fla. June 17, 2016) (concluding plaintiff had not met her initial burden of showing how the information sought is relevant to her claims); *Orange Lake Country Club, Inc. v. Castle Law Group, P.C.*, No. 6:17-cv-1044-Orl-31DCI, 2018 WL 3390254, at *2 (M.D. Fla. Feb. 21, 2018) (finding that certain requests are "overly broad on their face, and fail to survive Rule 26(b) scrutiny, in that they are not proportional to the needs of this case, given the relevance of the requested discovery" and further noting that requests for "'all documents' at the outset of each request lacks proportionality and arguably captures a host of documents and communications that would have little to no relevance to this case"). The subpoena therefore imposes an undue burden on Non-party Rivas and must be quashed pursuant to Federal Rule of Civil Procedure 45(d). *See Hansen v. Uber Techs., Inc.*, No. 6:17-cv-1559-Orl-40GJK, 2018 WL 7361084, at *2 (M.D. Fla. Aug. 13, 2018) ("court may find that a subpoena presents an undue burden when the subpoena is facially overbroad") (quoting *Trigeant Ltd. v. Petroleos De Venez., S.A.*, No. 08-80584-CIV, 2009 WL 10668731, at *4 n.9 (S.D. Fla. May 5, 2009)).

Accordingly,

1. Non-party Tania L. Rivas's Objection and construed Motion to Quash Non-party Subpoena (Dkt. 27) is **GRANTED in part**.

2.  Non-party Rivas's request that the court sustain her objection in "all pending cases relating to the same facts giving rise to this action" is denied.

**ORDERED** in Tampa, Florida, on March 1, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party