UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARMAINE SAUNDERS,**

    **Plaintiff,**

v.                                                                                          Case No: 8:22-CV-2482-MSS-JSS

**CITY OF LAKELAND, FLORIDA; LAKELAND POLICE DEPARTMENT; CHIEF RUBEN GARCIA; and DETECTIVE CHRISTINA STEWART,**

    **Defendants.**

---

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint, (Dkt. 68), and Plaintiff's Response in opposition thereto. (Dkt. 69) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **ORDERS** as follows.

    **I.**    **BACKGROUND**

On November 1, 2022, Plaintiff Charmaine Saunders, proceeding *pro se* and under a pseudonym, filed her initial complaint against the City of Lakeland, the Lakeland Police Department, Mayor William "Bill" Mutz, Chief Ruben Garcia, and Detective Christina Stewart. (Dkt. 1) Plaintiff asserted claims for Misuse of Confidential Information (Count I); Gross Negligence of Public Duty and Intentional Misconduct (Count II); Reckless Indifference (Count III); Breach of Public Trust,

1

Duty and Good Faith Services (Count IV); Mail Fraud in Violation of Honest Services Doctrine (Count V); Official Misconduct of a Public Officer, Unlawful Acts, and Other Unethical Conduct (Count VI); Misuse of Official Position and Betrayal of Public Trust (Count VII); Violations of Constitutional Rights Including Fifth and Fourteenth Amendment Rights (Count VIII); Racial Discrimination and Violation of Rights under Title VII of the U.S. Code (Count IX); and Right to Multiple Damages (Count X). (Dkt. 1) In December 2022, Plaintiff, dropping the pseudonym, filed an Amended Complaint and re-asserted these same claims. (Dkt. 9)

On December 27, 2022, the defendants moved to dismiss Plaintiff's Amended Complaint. (Dkt. 15) The Court granted Plaintiff leave to file a second amended complaint and denied the defendants' Motion to Dismiss Plaintiff's Amended Complaint as moot. (Dkt. 20)

In January 2023, Plaintiff filed her Second Amended Complaint against the same defendants, asserting claims for Violation of Civil Rights under 42 U.S.C. § 1983 against all the defendants (Count I); Negligence against all the defendants (Count II); Reprisal for Engaging in Protected Activities against the City of Lakeland and the Lakeland Police Department (Count III); and Right to Multiple Damages against all the defendants (Count IV). (Dkt. 23) Plaintiff sought damages and injunctive relief against alleged discriminatory practices. (Id.) Plaintiff made clear in the Second Amended Complaint she was suing the individual defendants in their official capacities. (Id.)

The defendants moved to dismiss Plaintiff's Second Amended Complaint with prejudice, arguing *inter alia* that Plaintiff's Second Amended Complaint was a shotgun pleading and failed to state a claim on which relief could be granted under Fed. R. Civ. P. 12(b)(6). (Dkt. 25) This Court granted the defendants' motion without prejudice as to Counts I, II, and III, and with prejudice as to Count IV. (Dkt. 56)

On October 17, 2023, Plaintiff filed the operative Third Amended Complaint (the "Complaint"), naming the same defendants as in her other complaints except for Mayor Mutz.[1] (Dkt. 62) In the Complaint, Plaintiff reasserts her claims for Violation of Civil Rights under 42 U.S.C. § 1983 against Defendants (Count I); Negligence against Defendants (Count II); and Violation of Civil Rights under 42 U.S.C. § 2000d against the City of Lakeland and the Lakeland Police Department (Count III). (Id.) Again, Plaintiff seeks damages and injunctive relief against alleged discriminatory practices. (Id.) Plaintiff again made clear in the Complaint she was suing the individual defendants—Chief Ruben Garcia and Detective Christina Stewart—in their official capacities. (Id.)

Plaintiff's allegations stem from the Lakeland Police Department's investigation into Plaintiff's report that she was drugged and assaulted by a man following an encounter at an Applebee's restaurant in Lakeland, Florida, on or about July 27, 2021. (Id.) Importantly, Plaintiff does not here sue the alleged assailant. As in the Second Amended Complaint, Plaintiff alleges that because of the Lakeland Police

---

[1] In this Order, the Court will refer to the City of Lakeland, the Lakeland Police Department, Chief Ruben Garcia, and Detective Christina Stewart collectively as "Defendants."

3

Department's negligence and failure to perform a proper and unbiased investigation, the alleged assailant was not criminally charged. (Id. at ¶¶ 17, 28)

In the Complaint, Plaintiff added allegations relating to the City of Lakeland and the Lakeland Police Department's failure to supervise, screen, discipline, transfer, counsel, or otherwise control Detective Stewart. (Id. at ¶ 21) She alleges the City of Lakeland and the Lakeland Police Department's policymakers had a duty to implement and enforce policies that would protect Plaintiff's right to assistance, due process, and equal protection under the law and guarantee a fair and unbiased investigation of the alleged assault. (Id. at ¶ 22) Plaintiff further alleges the City of Lakeland and the Lakeland Police Department have a policy, practice, or custom of law enforcement that provides less protection to black female rape victims, and to black victims generally. (Id. at ¶¶ 109, 110) Plaintiff alleges "this discrimination against blacks was a motivating factor in the refusal to properly investigate Plaintiff's [rape]." (Id. at ¶ 110)

Specifically, Plaintiff alleges Detective Stewart showed bias in favor of the alleged assailant, who is a white male, and referred to him as a "gentleman," and a "good 'ole country boy." (Id. at ¶ 75) Plaintiff also alleges Detective Stewart failed to investigate crucial leads, (Id. at ¶¶ 69, 91), and that Detective Stewart and crime scene technicians suppressed evidence, delayed the submission of evidence to the Florida Department of Law Enforcement, altered video evidence, and did not submit all evidence for analysis. (Id. at ¶ 133) Plaintiff further alleges that after the alleged assault, the alleged assailant harassed, stalked, tracked, and followed her. (Id. at ¶ 95) Plaintiff

alleges Detective Stewart failed to follow up, investigate, or question him about Plaintiff's reports of stalking. (Id. at ¶ 126)

Defendants have now moved to dismiss the Complaint with prejudice. (Dkt. 68) Defendants argue Plaintiff fails to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Id.)

## II.     LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In considering a motion to dismiss and evaluating the sufficiency of a complaint, a court must accept the well-pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id.

5

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give the court a license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Gibbs v. United States, 865 F. Supp. 2d 1127, 1133 (M.D. Fla. 2012), aff'd, 517 F. App'x 664 (11th Cir. 2013) (internal citations omitted). [2]

### III. DISCUSSION

#### A. Plaintiff's Claims Against Individual Officers in Their Official Capacities Are Dismissed.

The Court notes at the outset that Plaintiff's claims against Detective Stewart and Chief Garcia in their official capacities are due to be dismissed because they are duplicative of Plaintiff's claims against the City of Lakeland. See Methelus v. School Bd. of Collier Cnty., 243 F. Supp. 3d 1266, 1282 (M.D. Fla. 2017) (dismissing Title VI and § 1983 claims against an individual defendant sued in her official capacity; the text of Title VI precludes liability against individuals); Johnson v. Israel, 576 F. Supp. 3d 1231, 1262 (S.D. Fla. 2021) (citing Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (noting that when an officer is sued under § 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

an officer is an agent)). Accordingly, the Complaint is dismissed as to Detective Stewart and Chief Garcia. Similarly, "Florida law provides that police departments lack 'the capacity to sue and be sued.'" See Turner v. Homestead Police Dep't, 828 F. App'x 541, 544 (11th Cir. 2020) (citing Fla. City Police Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995)). Thus, the Complaint is dismissed as to the Lakeland Police Department.

>   **B.    Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983 Against the City of Lakeland.**

Plaintiff fails to state a § 1983 claim for violations of the Due Process Clause and the Equal Protection Clause. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) she was deprived of "rights, privileges or immunities" protected by the Constitution or federal law, and (2) the deprivation was caused by a person acting under color of law. Wideman v. Shallowford Cmty. Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987). Where, as here, a local governmental entity is a defendant, a plaintiff must also show that the constitutional deprivation resulted from a custom, policy, or practice of the municipality. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

>   **1.    Plaintiff Fails to State a § 1983 Claim for Violation of the Due Process Clause.**

Plaintiff claims Defendants violated her substantive rights under the Due Process Clause of the Fourteenth Amendment by allegedly failing to thoroughly investigate the alleged assault or to prosecute the alleged assailant. "To state a

substantive due process claim, a plaintiff must allege (1) a deprivation of a constitutionally protected interest, and (2) that 'the deprivation was the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation.'" Hoefling v. City of Miami, 811 F.3d 1271, 1282 (11th Cir. 2016).

There is no general constitutional right to police services. "As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Wooten v. Campbell, 49 F.3d 696, 700 (11th Cir. 1995) (quoting DeShaney v. Winnebago Cnty. Dept. of Soc. Servs., 489 U.S. 998, 1004 (1989)); see also Walker v. Florida, No. 22-cv-00133, 2023 WL 3306566, at *3 (N.D. Fla. Apr. 3, 2023) (collecting cases and holding there is no constitutional right to a police investigation); Thomas v. City of Americus, No. 22-11398, 2023 WL 2485464, at *3 (11th Cir. 2023).

A constitutional violation may exist, however, where a special relationship between a municipality and a person exists, White v. Lemacks, 183 F.3d 1253, 1258 (11th Cir. 1999), or where harm resulted from conduct by the municipality that was "arbitrary or conscience shocking in the constitutional sense." Waddell v. Hendry Cnty. Sheriff's Off., 329 F.3d 1300, 1305 (11th Cir. 2003). Plaintiff fails to allege any special relationship that could give rise to a constitutional duty to provide her desired level of police services. See Wideman, 826 F.2d at 1033–35 (noting such a relationship may arise if the state takes a person into custody or otherwise assumes responsibility for the person's welfare). Similarly, Plaintiff fails to allege any of the defendants took

8

any arbitrary action that shocks the conscience. See Waddell, 329 F.3d at 1305 (noting that acts intended to injure a person that are unjustifiable by any government interest are most likely to shock the conscience in this context); see also id. at 1306 (holding that in a non-custodial setting, deliberate indifference may support a substantive due process violation if the deliberate indifference was to an extremely great risk of serious injury). The Court is aware of no cases in which a municipality is found liable for alleged emotional harm in a similar context. Rather, the case law shows plaintiffs may recover for physical injury suffered at a state actor's hands or for physical injury that resulted from a state actor's deliberate indifference to a great risk of that physical injury occurring. See Neal v. Fulton Cnty. Bd. of Educ., 229 F.3d 1069, 1076 (11th Cir. 2000) (finding the plaintiff high school student stated a claim where his coach hit his face with a weight lock and knocked his eye completely out of its socket).

Here, Plaintiff does not allege she suffered any physical injury. Rather, she seeks to recover for emotional harm. Assuming, *arguendo*, emotional harm is actionable, Plaintiff does not allege any of Defendants intended to cause her emotional harm through any conscience-shocking, arbitrary action. See Waddell, 329 F.3d at 1305. And, although Plaintiff alleges Defendants were deliberately indifferent to her rights, (Dkt. 62 at ¶ 113), she does not allege they were deliberately indifferent to an extremely great risk of any serious emotional injury. See id. at 1306.

Based on the foregoing, the Court finds Plaintiff's allegations related to the City of Lakeland's alleged failure to train its employees regarding investigation of sexual assaults, the use of date rape drugs, stalking, and spoliation of evidence, (Dkt. 62 at ¶¶

9

105–108), do not state a claim under § 1983. See White, 183 F.3d at 1258 (quoting Collins v. City of Harker Heights, 503 U.S. 115, 128 (1992)) (observing that "when someone not in custody is harmed because too few resources were devoted to their safety and protection, that harm will seldom, if ever, be cognizable under the Due Process Clause[,]" and that such an alleged breach is "'analogous to a fairly typical state-law tort claim'"). Plaintiff does not allege facts to support a finding that the City of Lakeland is liable for any constitutional violation for the alleged failure to investigate Plaintiff's report more thoroughly.

### 2. Plaintiff Fails to State a § 1983 Claim for Violation of the Equal Protection Clause.

Plaintiff also fails to allege sufficient facts to state a claim for violation of the Equal Protection Clause under § 1983. Although the Constitution does not protect an affirmative right to protection from violence, DeShaney, 489 U.S. at 196–97, the Constitution does protect the right to have certain government protective services administered in a nondiscriminatory manner.[3] Id. at 197 n.3. Specifically, the United States Supreme Court has held that the Equal Protection Clause of the Fourteenth Amendment prohibits state actors from "selectively [denying] protective services" based on race. Id. To state a § 1983 claim under this theory, Plaintiff must allege facts to show the City of Lakeland maintained a policy, practice, or custom of providing police services in a manner that discriminates based on race. Monell, 436 U.S. at 694.

---

[3] The Eleventh Circuit has not explicitly stated this protection applies to police services. Cf. Elliot-Park v. Manglona, 592 F.3d 1003, 1007 (9th Cir. 2010). However, this Court need not reach this question because Plaintiff does not state a Monell claim in any event.

"A single incident of a constitutional violation is insufficient to prove a policy or custom." Craig v. Floyd Cnty., 643 F.3d 1306, 1311 (11th Cir. 2011).

Of course, one would not expect to find an official pronouncement of such a violation, and, predictably, Plaintiff is unable to identify a written policy or identify even an oral statement or pronouncement suggesting the existence of such a policy. Thus, Plaintiff would need to rely on circumstantial evidence of such a policy. However, Plaintiff alleges no facts tending to show or from which one could reasonably infer the City of Lakeland had a policy of failing to investigate thoroughly or failing to prosecute similar crimes against black or non-white women.

Plaintiff alleges broadly that the City of Lakeland has "a policy, practice, or custom of law enforcement that provides less protection (e.g.[,] by not responding to records request[s], purposefully delaying the investigation, tampering with evidence, delaying evidence analysis, not investigating all of the participants in Plaintiff's violent drugging and assault) to black female rape victims[.]" (Dkt. 62 at ¶ 109) Plaintiff further alleges the City of Lakeland has a "policy of giving lower priority" to black, female victims of sexual assault, and accorded Plaintiff's complaint a lower priority than it would have accorded a complaint by a similarly situated white woman. (Id. at ¶¶ 119, 122–24) But Plaintiff pleads no facts beyond those related to her own reported assault to show the City of Lakeland has such a policy.

In the Complaint, other than her own circumstances, Plaintiff refers to two instances in which the City of Lakeland or the Lakeland Police Department was suspected of bias or prejudice against black people. (Id. at ¶ 20) These instances,

11

however, involve the department's arrests and interrogations of black men, and thus are not sufficiently similar to Plaintiff's case to establish a policy or custom of giving lower priority to reports of crimes perpetrated by third parties against black and non-white women. Thus, while Plaintiff makes conclusory allegations of an offending policy or practice, Plaintiff alleges insufficient facts from which one could infer that the City of Lakeland engages in an actionable policy of providing less protection to black female victims of sexual assault. Consequently, the Court finds Plaintiff fails to allege the City of Lakeland acted pursuant to a policy or practice to deprive her of equal protection.

Therefore, Count I is due to be **DISMISSED**.

### C. Plaintiff Fails to State a Claim Under Title VI, 42 U.S.C. § 2000d *et seq*. Against the City of Lakeland.[4]

Just as Plaintiff's allegations are insufficient to state a claim for violation of the Equal Protection Clause, they are insufficient to state a claim under Title VI of the Civil Rights Act. See Elston v. Talladega Cnty. Bd. of Educ., 997 F.2d 1394, 1405 n.11 (11th Cir. 1993) (declining to discuss the plaintiffs' Title VI claims separately from the equal protection claims because the discussion would "duplicate exactly" the equal protection analysis). Accordingly, the motion to dismiss Count III is **GRANTED** as to the City of Lakeland.

---

[4] The Court notes again that the claims asserted against Chief Garcia and Detective Stewart in their official capacities are due to be dismissed. See Methelus, 243 F. Supp. 3d at 1282. Similarly, the claims against the Lakeland Police Department must be dismissed under Florida law. See Turner, 828 F. App'x at 544 (citing Fla. City Police Dep't, 661 So. 2d at 410).

### D. Plaintiff Fails to State a Claim for Negligence Against Defendants.

First, Plaintiff's claim for negligence under Florida law is due to be dismissed for failure to exhaust administrative remedies. Under § 768.28(6)(a), Florida Statutes, "An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency . . . within 3 years after such claim accrues[.]" This notice requirement is a condition precedent to maintaining an action against the State of Florida or any of its agencies or subdivisions. Id. at § 768.28(6)(b). "Generally, an action pursued without first satisfying the statutory notice provision must be dismissed without prejudice[.]" Thornton v. Chronister, 309 F. Supp. 3d 1196, 1202 (11th Cir. 2018).

While Plaintiff alleges that she filed several complaints with the City of Lakeland and the Lakeland Police Department and followed the City of Lakeland and Lakeland Police Department's policies for internal investigations, (Dkt. 62 at ¶¶ 82, 87), Plaintiff fails to allege that she exhausted administrative remedies within the meaning of § 768.28(6), as required. For this reason, Plaintiff's negligence claim must be dismissed without prejudice.

Moreover, Plaintiff fails to state a claim for negligence. A plaintiff must allege the conventional elements of duty, breach, causation, and damages to state a claim for negligence against a municipality. Wynn v. City of Lakeland, 727 F. Supp. 2d 1309, 1316 (M.D. Fla. 2010). As a threshold matter, "there has never been a common law

duty to individual citizens for the enforcement of police power functions." Irving v. St. John, No. 21-CV-1002, 2022 WL 3213422, at *3 (M.D. Fla. Aug. 9, 2022) (citing Trianon Park Condo. Ass'n, Inc. v. City of Hialeah, 468 So. 2d 912, 914–15 (Fla. 1985)). "Thus, law enforcement officers generally have no legal duty of care to conduct investigations without negligence." Id.; Lippman v. City of Miami, 622 F. Supp. 2d 1337, 1342 (S.D. Fla. 2008) ("Florida law is clear that the negligent conduct of police investigations does not give rise to a cause of action for negligence under Florida law because the 'duty to protect citizens and enforce the law is one owed generally to the public.'").

"A duty may, however, arise when law enforcement officers become 'directly involved in circumstances which place people within a "zone of risk" by creating or permitting dangers to exist, by taking persons into police custody, detaining them, or otherwise subjecting them to danger.'" Lippman, 622 F. Supp. 2d at 1342 (citing Pollock v. Fla. Dep't of Highway Patrol, 882 So.2d 928, 935 (Fla. 2004)). Even if there is a duty, however, "the decision of whether to enforce laws by investigating a criminal complaint is a discretionary decision, which is immune from challenge." Albra v. City of Fort Lauderdale, 232 F. App'x 885, 888 (11th Cir. 2007).

The Court notified Plaintiff of the foregoing pleading standards in its order dismissing the Second Amended Complaint without prejudice. (Dkt. 56) Nevertheless, Plaintiff fails to allege the existence of any cognizable duty owed to her by Defendants in the Complaint. Her allegations relate to the failure to investigate or prosecute. Plaintiff does not allege Defendants placed Plaintiff in a zone of risk or brought her

into custody and failed to secure her such that some harm befell her. Plaintiff also fails to allege breach, causation, and damages, which are required to state a negligence claim. See Wynn, 727 F. Supp. 2d at 1316.

Because Plaintiff fails for a second time to allege Defendants owed her a cognizable duty on which to base her negligence claim, Count II is due to be **DISMISSED with prejudice**.

### IV.  CONCLUSION

Upon consideration of the foregoing, the Court hereby **ORDERS** as follows:

1. Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint, (Dkt. 68), is **GRANTED**.

2. Plaintiff's Third Amended Complaint is **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of June 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person