UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARMAINE SAUNDERS,**

    **Plaintiff,**

v.                                                                                  Case No: 8:22-cv-2482-MSS-UAM

**CITY OF LAKELAND, FLORIDA,
LAKELAND POLICE
DEPARTMENT, WILLIAM MUTZ,
RUBEN GARCIA, and CHRISTINA
STEWART,**

    **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Seal Documents. (Dkt. 97) Defendants have not filed a response to Plaintiff's Motion. Accordingly, the Court treats the Motion as unopposed. See Local Rule 3.01(c). Even so, the Motion is **DENIED**.

Plaintiff requests the Court seal this case and every document filed in the case, including the Motion to Seal. Plaintiff contends that a seal is necessary because the documents contain information that relates to Plaintiff's personal safety, "including constant attempts of computer, electronic intrusion, [and] stalking." (Dkt. 97 at 2) Plaintiff also states the documents include sensitive information about Plaintiff's "ongoing experience with stalking [and] harassment," as well as an assault Plaintiff

endured. (Id. at 3) Additionally, Plaintiff asserts the documents in the case contain "confidential information that, if disclosed, would lead to further professional harm, including damage to Plaintiff's reputation, potential employment issues, or other professional consequences." (Id. at 2)

The Court notes that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). "[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citation omitted). As a result, good cause is required to seal any portion of the court's record. Farnsworth v. Procter & Gamble, Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

The movant bears the burden of proving that such cause exists. Under Local Rule 1.11(b), absent authorization by statute, rule, or order, a Court may seal an item if (1) the party files a motion in support of the seal, (2) the motion describes the item proposed for sealing, (3) the motion states the reason why filing the item is necessary, sealing the item is necessary, and partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory, (4) the motion sets forth a proposed duration of the seal, and (5) the motion includes a legal memorandum supporting the seal. The motion must also state the name and contact information of the person authorized to retrieve a sealed, tangible item, and must certify the name and contact information of any non-party the movant knows or reasonably should know has an interest in

establishing or maintaining the seal and the day on which the movant delivered the motion to the non-party. Finally, the motion must include the item requested to be sealed.

Plaintiff's Motion fails to satisfy the requirements of the Local Rule. First, the Motion does not propose a duration for the seal. Additionally, Plaintiff points to no specific information contained in any of the documents that poses a threat to Plaintiff's personal safety or otherwise should be kept confidential. Plaintiff's general assertion that some documents contain information related to her experience of stalking, harassment, and assault is insufficient to support a seal of the entire case. In short, Plaintiff does not provide support for her broad request for sealing any documents, and certainly not all documents filed in this case.

Accordingly, it is hereby **ORDERED** Plaintiff's Motion to Seal Documents, (Dkt. 97), is **DENIED**.

**DONE and ORDERED** at Tampa, Florida this 6th day of November 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party