[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 24-12091

Non-Argument Calendar

_____

CHARMAINE SAUNDERS,

                          Plaintiff-Appellant,

*versus*

CITY OF LAKELAND, FLORIDA,
LAKELAND POLICE DEPARTMENT,
CHIEF OF POLICE, LAKELAND POLICE DEPARTMENT,
CHRISTINA STEWART,
Detective,

                          Defendants-Appellees,

Case 8:22-cv-02482-MSS-UAM   Document 99   Filed 04/16/25   Page 2 of 8 PageID 1093
USCA11 Case: 24-12091   Document: 65-1   Date Filed: 04/16/2025   Page: 2 of 6

2          Opinion of the Court          24-12091

MAYOR OF LAKELAND, FLORIDA,
a.k.a. Bill,

                                                          Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-02482-MSS-UAM

_____

Before WILLIAM PRYOR, Chief Judge, and LAGOA and WILSON, Circuit Judges.

PER CURIAM:

Charmaine Saunders appeals *pro se* the dismissal with prejudice of her third amended complaint alleging claims under the Fourteenth Amendment's Due Process and Equal Protection Clauses, Title VI of the Civil Rights Act of 1964, and state-law negligence against the City of Lakeland, the Lakeland Police Department, and Chief Ruben Garcia and Detective Christina Stewart in their official capacities, for failure to state a claim. 42 U.S.C. §§ 1983, 2000d. We affirm.

We review *de novo* a dismissal for failure to state a claim and accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Newbauer v. Carnival*

24-12091               Opinion of the Court                3

*Corp.*, 26 F.4th 931, 934 (11th Cir. 2022). We review a denial of leave to amend for abuse of discretion. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Although we liberally construe *pro se* pleadings, we cannot "rewrite an otherwise deficient pleading." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

The district court did not err in dismissing Saunders's claims under the Equal Protection Clause and Title VI. To state a claim against a municipality, a plaintiff must allege a policy, practice, or custom was the moving force behind the constitutional violation. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Absent a policy, a plaintiff is required to allege a widespread custom or practice, and a single incident of unconstitutional activity is insufficient. *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1311 (11th Cir. 2011). To state an equal protection claim, a plaintiff must establish intentional discrimination. *Wright v. City of Ozark*, 715 F.2d 1513, 1516 (11th Cir. 1983).

Saunders's conclusory allegations that the City had a custom, policy, or practice of providing less protection to black victims of sexual assault than white victims were insufficient to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." (citation and internal quotation marks omitted)). Saunders failed to provide any allegations that there was a widespread custom or practice of discriminatory sexual assault investigations beyond her reported sexual assault. Her

Case 8:22-cv-02482-MSS-UAM   Document 99   Filed 04/16/25   Page 4 of 8 PageID 1095
USCA11 Case: 24-12091   Document: 65-1   Date Filed: 04/16/2025   Page: 4 of 6

4                        Opinion of the Court                        24-12091

allegations regarding prior discrimination involved arrests of black men, not sexual assault investigations. The single incident involving her sexual assault is insufficient to establish a custom or practice. *See Craig,* 643 F.3d at 1311. And she did not allege facts allowing a reasonable inference that any investigative failures were motivated by discriminatory intent. *See Wright*, 715 F.2d at 1516. She did not identify similarly situated white women who were treated more favorably than her or allege facts supporting a reasonable inference that she received different treatment based on her race. The district court did not err in dismissing her Title VI claim for the same reasons as her equal protection claim. *Elston v. Talladega Cnty. Bd. of Educ.*, 997 F.2d 1394, 1405 & n.11 (11th Cir. 1993) (holding that Title VI provides no more protection than the Equal Protection Clause because both require intentional discrimination).

The district court did not err in dismissing her claim under the Due Process Clause. "[T]he Due Process Clause does not require the [s]tate to provide its citizens with particular protective services." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). In a non-custodial setting, "conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense," *Maddox v. Stephens*, 727 F.3d 1109, 1119 (11th Cir. 2013) (citation and internal quotation marks omitted), such as "[a]cts intended to injure in some way unjustifiable by any

Case 8:22-cv-02482-MSS-UAM   Document 99   Filed 04/16/25   Page 5 of 8 PageID 1096
USCA11 Case: 24-12091   Document: 65-1   Date Filed: 04/16/2025   Page: 5 of 6

24-12091               Opinion of the Court                5

government interest," *Waddell*, 329 F.3d at 1305 (citation and internal quotation marks omitted). Saunders alleged that the defendants were deliberately indifferent when investigating her sexual assault allegations by failing to train employees, properly handle evidence, conduct an unbiased investigation, and respond to her requests for documents such that they caused her emotional harm. She did not allege that any of the defendants intended to injure her. *See id.* Even if we assume her allegations of emotional harm could state a claim, we have never held that deliberate indifference is sufficient to state a substantive due process claim in a non-custodial setting. *Waldron v. Spicher*, 954 F.3d 1297, 1310 (11th Cir. 2020). And even if deliberate indifference were sufficient, Saunders did not allege that the City was deliberately indifferent to an "extremely great risk of serious injury." *Waddell*, 329 F.3d at 1306.

The district court did not err in dismissing Saunders's claims against Chief Garcia, Detective Stewart, and the Lakeland Police Department. The district court correctly dismissed the claims against Detective Stewart and Chief Garcia in their official capacities because suits against a municipal officer in their official capacity and suits against municipalities are "functionally equivalent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). And the district court did not err in dismissing the complaint against the Lakeland Police Department. Capacity to be sued is "determined by the law of the state in which the district court is held," *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citation and internal quotation marks omitted), and police departments cannot be sued

Case 8:22-cv-02482-MSS-UAM   Document 99   Filed 04/16/25   Page 6 of 8 PageID 1097
USCA11 Case: 24-12091   Document: 65-1   Date Filed: 04/16/2025   Page: 6 of 6

6                           Opinion of the Court                    24-12091

under Florida law, *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995).

Nor did the court err by dismissing her claim of negligence. The conduct of police investigations does not give rise to a cause of action for negligence. *Fernander v. Bonis*, 947 So. 2d 584, 589–90 (Fla. Dist. Ct. App. 2007). And the police did not owe Saunders a special duty because she did not allege that any of the defendants placed her in a zone of risk. *Pollock v. Fla. Dep't of Highway Patrol*, 882 So. 2d 928, 935 (Fla. 2004) (holding that a special duty might arise when officers "place people within a zone of risk by creating or permitting dangers to exist, by taking persons into police custody, detaining them, or otherwise subjecting them to danger" (internal quotation marks omitted)).

To the extent Saunders raises a claim for intentional infliction of emotional distress for the first time on appeal, we do not consider it. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004) (holding that we will not consider an issue raised for the first time on appeal absent extraordinary circumstances). And the district court did not abuse its discretion in not permitting Saunders to amend her complaint. It had already twice provided her leave to amend and identified deficiencies in the complaint. *See Woldeab*, 885 F.3d at 1291–92 (holding that a *pro se* plaintiff must receive at least one opportunity to amend the complaint if she might be able to state a claim).

We **AFFIRM** the dismissal of Saunders's third amended complaint.

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 16, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-12091-AA
Case Style: Charmaine Saunders v. City of Lakeland, Florida, et al
District Court Docket No: 8:22-cv-02482-MSS-UAM

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion